IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MICHAEL AUTON
ADC #143473                                                                                          PLAINTIFF

V.                          NO. 3:24-cv-00150-BRW-ERE

WILLIAM F. STRAUGHN, *et al.*                                                        DEFENDANTS

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.    Background:**

*Pro se* plaintiff Michael Auton, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc.2*. He sues Deputy Director William F. Straughn, Warden Thomas W. Hurst, Chief Warden Christopher Budnick, Deputy Warden Claudia Harris, and Acting Field Lieutenant Justin Parker alleging that he has been subjected to "white slavery." Mr. Auton's primary

complaint is that the ADC does not pay inmates for their labor. In addition, Mr. Auton generally alleges that: (1) the failure to pay inmates for their labor violates RICO; and (2) unidentified ADC staff have retaliated against him. Mr. Auton sues Defendants in both their individual and official capacity seeking monetary damages and injunctive relief.[1]

For the reasons explained below, Mr. Auton's complaint should be dismissed for failure to state a plausible constitutional claim for relief.

## III. Discussion:

### A. Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

---

[1] In his request for relief, Mr. Auton requests that the Court transfer him to the North Central Unit of the ADC. The Court is unlikely to grant this relief, even if Mr. Auton prevailed on one of his claims. A prisoner has no statutory or constitutional right to be housed in any particular detention facility. *Manthey v. Sabol*, 80 Fed. Appx. 538, *1 (8th Cir. 2003) (unpub. per curiam) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)). And courts are hesitant to interfere with the day-to-day decisions of running a prison, such as where a particular prisoner should be housed.

In deciding whether Mr. Auton has stated a plausible claim for relief under § 1983, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

### B. Mr. Auton's Thirteenth Amendment Claim

The Thirteenth Amendment to the U.S. Constitution provides, in relevant part, "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1 (emphasis added). The law is well settled that "there is no constitutional right to prison wages." *Jennings v. Lombardi*, 70 F.3d 994, 995 (8th Cir. 1995); *Hrbek v. Farrier,* 787 F.3d 414, 416 (8th Cir. 1986).

Mr. Auton's complaint fails to state a plausible constitutional claim for relief under the Thirteenth Amendment.

## C. RICO Violation

"The major purpose behind RICO [Racketeer Influenced and Corrupt Organizations Act] is to curb the infiltration of legitimate business organizations by racketeers." *Atlas Pile Driving Co. v. DiCon Fin. Co.*, 886 F.2d 986, 990 (8th Cir. 1989) (citing *United States v. Turkette*, 452 U.S. 576, 591 (1981)). RICO, codified at 18 U.S.C. §§ 1961 *et seq.*, provides a civil cause of action for "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c).

In *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229 (1989), the Supreme Court summarized the provisions of RICO as follows:

> RICO renders criminally and civilly liable 'any person' who uses or invests income derived 'from a pattern of racketeering activity' to acquire an interest in or to operate an enterprise in interstate commerce, § 1962(a); who acquires or maintains an interest in or control of such an enterprise 'through a pattern of racketeering activity,' § 1962(b); who, being employed by or associated with such an enterprise, conducts or participates in the conduct of its affairs 'through a pattern of racketeering activity,' § 1962(c); or, finally, who conspires to violate the first three subsections of § 1962, § 1962(d).

*Id*. at 232-33.

Other than generally referring to RICO, Mr. Auton's complaint fails to include any facts to support any cause of action under the RICO statute. Nor does he allege that any named Defendant injured his business or property as required by the statute. Mr. Auton's complaint fails to state a plausible RICO claim.

### D. Retaliation

To state a retaliation claim, Mr. Auton must allege that: (1) he engaged in constitutionally protected activity; (2) Defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was a motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (internal citation omitted) (holding that an inmate "must show that impermissible retaliation was the actual motivating factor for his transfer"). In addition, allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 2009 WL 4825169, *904 (8th Cir. 2009) (per curiam) (holding that plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances.").

Mr. Auton generally alleges that unidentified ADC staff members retaliated against him. However, Mr. Auton's complaint contains no allegations to identify the protected activity he engaged in. Nor does he allege any other facts to support his conclusory assertion of unlawful retaliation.

Mr. Auton's conclusory and speculative assertions that ADC staff members retaliated against him are insufficient to state a plausible constitutional claim for relief. See *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (speculative and conclusory allegations cannot support retaliation claim); *Ashcroft*,

556 U.S. at 678 (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**IV.     Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1.     Mr. Auton's complaint be DISMISSED, without prejudice.

2.     The Court recommend that, in the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g) and certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

3.     The Clerk be instructed to close this case.

Dated 13 September 2024.

_____
UNITED STATES MAGISTRATE JUDGE